Fred C. Nachtigal, OSB 79-3320
FCN@neaesq.com
Nachtigal, Eisenstein & Associates
101 SW Washington Street
Hillsboro, Oregon  97123
Telephone:  503-640-6612
FAX:  503-693-1874

Attorney for the Plaintiff
Roger Streit

**IN THE UNITED STATES DISTRICT COURT**

**FOR THE DISTRICT OF OREGON**

**PORTLAND DIVISION**

| | |
|---|---|
| **ROGER STREIT,** | ) |
| Plaintiff, | ) Civ. No. 3:12-cv-1797-AC |
| v. | ) **MOTION TO FILE FIRST** |
| | ) **AMENDED COMPLAINT** |
| **MATRIX ABSENCE MANAGEMENT,** | ) |
| **INC., VIASYSTEMS GROUP, INC.** and | ) **UNOPPOSED** |
| **RELIANCE STANDARD LIFE** | ) |
| **INSURANCE COMPANY,** | ) |
| Defendant. | ) |

Plaintiff, by and through his attorney, Fred C. Nachtigal of Nachtigal, Eisenstein & Associates, moves the Court, pursuant to F.R.C.P. 7(b), for leave to file a First Amended Complaint and states as follows:

1.      Pursuant to Local Rule 7-1, several attempts were made by Plaintiff's Counsel to confer with Robert Miller, Counsel for the Defendants, Matrix Absence Management, Inc. and Reliance Standard Life Insurance Company.  Although there have been several telephone calls in

Page 1 – Motion for Order Allowing the Filing of First Amended Complaint

1  both directions, with message left, contact has not been made.

2      2.    Pursuant to Local Rule 7-1, Plaintiff's Counsel conferred with Christopher Swensen, Counsel for Defendant Viasystems Group, Inc. by telephone, on January 3, 2013.

    3.    On January 3, 2013, Christopher Swensen advised that he **had** conferred with other Defense Counsel and that all Defense Counsel agree to the filing of the First Amended Complaint with the understanding that Defense Counsel may file follow up Motions against the First Amended Complaint.

    4.    A True Copy of the First Amended Complaint is attached as an Exhibit hereto.

**WHEREFORE,** Plaintiff requests that the Court enter an Order Allowing the Filing of the First Amended Complaint.

Dated this 3 day of January, 2013.

NACHTIGAL, EISENSTEIN & ASSOCIATES

By: /s/ Fred C. Nachtigal
Fred C. Nachtigal, OSB No. 79-3320
FCN@neaesq.com
Nachtigal, Eisenstein & Associates
101 SW Washington Street
Hillsboro, Oregon  97123
Telephone: (503) 640-6612
FAX:  503-693-1874

of Attorneys for Plaintiff
ROGER STREIT

\\acct\files\streit, roger l\v. reliance insurance\pldg\motion to file amended complaint.docx 1/3/2013 9:33:00 AM 1/3/2013 10:18:00 AM

Page 2 – Motion for Order Allowing the Filing of First Amended Complaint

Fred C. Nachtigal, OSB 79-3320
FCN@neaesq.com
Nachtigal, Eisenstein & Associates
101 SW Washington Street
Hillsboro, Oregon  97123
Telephone:  503-640-6612
FAX:  503-693-1874

Attorney for the Plaintiff
Roger Streit

**IN THE UNITED STATES DISTRICT COURT**

**FOR THE DISTRICT OF OREGON**

**PORTLAND DIVISION**

| | | |
|---|---|---|
| **ROGER STREIT,** | ) | |
| Plaintiff, | ) ) ) | Civ. No. 3:12-cv-1797-AC |
| v. | ) ) | **FIRST AMENDED COMPLAINT** |
| **MATRIX ABSENCE MANAGEMENT, INC., VIASYSTEMS GROUP, INC.** and **RELIANCE STANDARD LIFE INSURANCE COMPANY,** | ) ) ) ) ) | |
| Defendant. | ) | |

Plaintiff alleges:

**PRELIMINARY STATEMENT**

**1.**

This is an action for damages and is brought to redress violations of Plaintiff's Federal and State rights under the Employee Retirement Income Security Act of 1974 ("ERISA"), 29 U.S.C. § 1001, *et seq.*

Page 1 – First Amended Complaint

**NACHTIGAL, EISENSTEIN & ASSOCIATES**
101 S.W. WASHINGTON ST.
HILLSBORO, OREGON 97123
(503) 640-6612

**JURISDICTION**

2.

This Court has jurisdiction over this action, pursuant to 28 U.S.C. §1331.

3.

This Court has supplemental jurisdiction pursuant to 28 U.S.C. § 1367, with respect to all causes of action that may be based on Oregon state law because the State claims arise from the same operative facts as the Federal claims.

4.

Venue is within the District of Oregon pursuant to 28 U.S.C. § 1391(b) because the claim arose in this judicial district and all parties are subject to the jurisdiction of this district.

**PARTIES**

5.

Plaintiff, Roger Streit, is a resident and citizen of the State of Oregon.

6.

Plaintiff is a "Beneficiary" as that term is defined in 29 U.S.C. §1002(8).

7.

Plaintiff is a proper party to bring this action pursuant to 28 U.S.C. § 1132(a)(1).

8.

Defendant, Matrix Absence Management, Inc. (hereinafter "Matrix") is an Oregon Foreign Business Corporation, doing business in Oregon.

9.

Defendant, Viasystems Group, Inc. (hereinafter "Viasystems") is a Delaware General Corporation, doing business in Oregon.

10.

Defendant, Reliance Standard Life Insurance Company (hereinafter "Reliance") is a life

insurance company, providing life insurance benefits, under an employer sponsored plan, to employees of Viasystems.

**GENERAL ALLEGATIONS**

**11.**

At all material times, Plaintiff was married to Sandra K. Streit (hereinafter "Sandra").

**12.**

At all times material herein, Sandra was employed by Merix Corporation.

**13.**

During the period of her employment with Merix Corporation, Merix Corporation merged with Viasystems.

**14.**

During the period of her employment with Merix Corporation and Viasystems, Sandra was the beneficiary of employer sponsored short term disability insurance, long term disability insurance and life insurance.

**15.**

During the period of her employment with Merix Corporation and Viasystems, Sandra was a "Participant" as that term is defined in 29 U.S.C § 1002(7).

**16.**

At all times material herein, Matrix was administrator of employee benefits for Reliance and Viasystems.

**17.**

The life insurance provided and sponsored by Sandra's employer, was offered by Reliance.

**18.**

During her employment, Sandra suffered a medical disability.

Page 3 – First Amended Complaint

1  **19.**

2  As a result of that medical disability, Sandra was unable to work.

3  **20.**

4  At the time of her diagnosis, Sandra's prognosis was terminal, a fact known by Sandra
5  and Plaintiff.

6  **21.**

7  As a result of her medical disability, Sandra made application through her employer, for
8  all benefits.

9  **22.**

10  One of the disability applications provided to Sandra by her employer, covered short term
11  disability.

12  **23.**

13  Another of the applications provided to Sandra by her employer, covered both long term
14  disability and life insurance premium waivers.

15  **24.**

16  Sandra's applications for short term disability and long term disability, were approved.

17  **25.**

18  At no time was Sandra advised that the application for life insurance premium waiver,
19  had been disapproved.

20  **26.**

21  Sandra died on September 7, 2010.

22  **27.**

23  Upon the death of Sandra, Plaintiff made application for payment of life insurance
24  benefits.

25  **28.**

26
Page 4 – First Amended Complaint

Upon making application for payment of the life insurance benefits, Plaintiff was advised that Sandra's application for premium waiver had been denied.

**29.**

Plaintiff was advised that Sandra had not applied for life insurance premium waiver, despite the fact that it was included on the long term disability application.

**30.**

At the time the Plaintiff was advised of the denial of application for life insurance premium waivers, Plaintiff first became aware that there was any issue with regard to the status of the life insurance.

**31.**

At the time of application for life insurance benefits, Plaintiff was advised that the insurance had lapsed for failure to pay premiums.

**32.**

If Sandra or the Plaintiff had been advised that the life insurance premium waiver had been denied, for any reason, they would have been entitled to make premium payments on their own and maintain the insurance.

**33.**

Upon becoming aware of the denial of insurance benefits and the alleged failure to request a premium waiver, Plaintiff requested a copy of the Summary Plan Document.

**34.**

The Summary Plan Document is required to be delivered to a "Beneficiary" upon request, pursuant to 29 U.S.C. § 1024(b)(4).

**35.**

The Summary Plan Document has never been provided.

**36.**

Page 5 – First Amended Complaint

In failing to provide Plaintiff with a copy of the Summary Plan Document, Defendants violated the requirements of the 29 U.S.C. §1024(b)(4).

**37.**

As a result of the denial of Plaintiff's application for life insurance death payment, Plaintiff has been injured in the total dollar amount of at least $60,000.00, the value of the life insurance policy and any additional sum, to be proved at trial.

**38.**

In failing to respond to Sandra's application for life insurance premium waiver and in failing to inform her that she did not qualify for premium waiver, Defendant's violated their obligations under 29 U.S.C. § 1133.

**39.**

Plaintiff is entitled to statutory damages and attorney's fees under pursuant to 29 U.S.C. § 1132(q).

**FIRST CLAIM FOR RELIEF**

**Violation of the Employee Retirement Income Security Act of 1974 ("ERISA"),**

**29 U.S.C. §1001** *et seq.*

**40.**

Plaintiff realleges and restates paragraphs 1 – 16, 33 - 36 and 39, above.

**41.**

Viasystems and Matrix have violated 29 U.S.C. § 1132 by failing to provide Plaintiff with the Summary Plan Document.

**42.**

Under the provisions of 29 U.S.C. §1132(c)(1), Viasystems and Matrix owe Plaintiff damages in the amount of $100.00 per day from the thirtieth day after the request for the Summary Plan Document, until it is provided.

Page 6 – First Amended Complaint

## SECOND CLAIM FOR RELIEF

**Violation of the Employee Retirement Income Security Act of 1974 ("ERISA"),**

**29 U.S.C. §1001** *et seq.*

**43.**

Plaintiff realleges and restates paragraphs 1 – 32 and 37 – 39, above.

**44.**

The Defendants violated 29 U.S.C. § 1133 by failing to provide Sandra Streit or Plaintiff of adequate notice of the denial of the life insurance premium waiver.

**45.**

As a result of the Defendants' actions, Plaintiff has been damaged in the amount of sixty thousand and no/100 ($60,000.00) dollars.

## THIRD CLAIM FOR RELIEF

**Equitable Estoppel**

**46.**

Plaintiff realleges and restates paragraphs 1 – 32 and 37 – 39, above.

**47.**

In providing Sandra with one form on which to make application for Long Term Disability and Life Insurance Premium waivers, Matrix, Viasystems and Reliance represented to Sandra that the document was appropriate for application for those benefits.

**48.**

In approving and paying Short Term Disability and Long Term Disability, Matrix, Viasystems and Reliance represented that the application for benefits was sufficient and had been processed.

**49.**

The application and subsequent approval, was in writing.

Page 7 – First Amended Complaint

1  **50.**

2  Sandra and Plaintiff relied on the fact that benefits had been approved under the unified
3  application and that no benefits (specifically waiver of life insurance premiums) had been
4  denied.

5  **51.**

6  Based on their reliance, neither Sandra nor Plaintiff paid the life insurance premiums.

7  **52.**

8  Sandra and Plaintiff's reliance was reasonable.

9  **53.**

10  As a result of the Defendants' actions, Plaintiff has been damaged in the amount of sixty
11  thousand and no/100 ($60,000.00) dollars.

12

13  **WHEREFORE**, Plaintiff prays for Judgment:

14  1. On his FIRST CLAIM FOR RELIEF against Matrix Absence Management, Inc. and
15     Viasystems, Group Inc.:
16     a. One hundred dollars ($100.00) per day from thirty days after demand for the
17        Summary Plan Description until the Summary Plan Description has been
18        provided;
19     b. Attorneys Fees and costs.
20  2. On his SECOND CLAIM FOR RELIEF against Matrix Absence Management, Inc.,
21     Viasystems, Group Inc. and Reliance Standard Life Insurance Company:
22     a. In the amount of sixty thousand dollars ($60,000.00);
23     b. Attorneys Fees and costs.
24  3. On his THIRD CLAIM FOR RELIEF against Matrix Absence Management, Inc.,
25     Viasystems, Group Inc. and Reliance Standard Life Insurance Company:

26
Page 8 – First Amended Complaint

1        a.  In the amount of sixty thousand dollars ($60,000.00);

2        b.  Attorneys Fees and costs.

3

4  Dated this 3 day of January, 2013.

5

6        NACHTIGAL, EISENSTEIN & ASSOCIATES

7

8  By: _____
      Fred C. Nachtigal, OSB No. 79-3320
      FCN@neaesq.com

9        Nachtigal, Eisenstein & Associates
      101 SW Washington Street

10        Hillsboro, Oregon  97123
      Telephone: (503) 640-6612

11        FAX:  503-693-1874

12

13        of Attorneys for Plaintiff
      ROGER STREIT

14

15

16  \\acct\files\streit, roger l\v. reliance insurance\pldg\2012-12-19 amended complaint.docx 12/19/2012 12:58:00 PM 1/3/2013 10:18:00 AM

17

18

19

20

21

22

23

24

25

26
Page 9 – First Amended Complaint