UNITED STATES DISTRICT COURT

DISTRICT OF OREGON

PORTLAND DIVISION

**ROGER STREIT**,

    Plaintiff,

v.

**MATRIX ABSENCE MANAGEMENT, INC., RELIANCE STANDARD LIFE INSURANCE CO., VIASYSTEMS GROUP, INC.**,

    Defendants.

No. 3:12-cv-01797-AC

OPINION AND ORDER

**MOSMAN, J.**,

    Plaintiff Roger Streit ("Mr. Streit") brings this suit for damages under the Employee Retirement Income Security Act ("ERISA"). In his First Amended Complaint ("FAC"), he seeks damages arising from the denial of benefits under a life insurance policy provided to his late wife by her employer. Judge Acosta issued his Findings and Recommendation ("F&R") [42], recommending that the FAC be dismissed. I ADOPT the F&R in part.

## BACKGROUND

    It is uncontested that Mr. Streit's late wife, Sandra Streit, was at one time a participant in an ERISA benefits plan providing short-term disability coverage, long-term disability coverage,

1 – OPINION AND ORDER

and a life insurance policy. It is the life insurance policy that is at issue in this suit. For purposes of this motion, it is conceded that Defendant Viasystems is the ERISA plan administrator. (Br. [26] at 2 n.1.)

Sandra Streit received a terminal cancer diagnosis while covered by the Plan, whereupon she applied for short-term disability benefits, long-term disability benefits, and for a Waiver of Premium on the life insurance policy. (FAC [20] ¶¶ 21–23.) Both long- and short-term disability benefits were granted and paid to her until her death in 2010. *Id.* ¶ 24. Mr. Streit alleges that the Plan never informed her that the Waiver of Premium application had been denied. *Id.* ¶ 24. If she had been so informed, he argues, the Streits could have paid the premiums themselves after Sandra Streit left employment, and thereby maintained the policy until her death. (Pl.'s Resp. [32] at 4.) As it happened, the policy was terminated when she left employment, and thus Mr. Streit's application for life insurance benefits upon her death was denied. (FAC [20] ¶¶ 27–30.)

Mr. Streit alleges three violations of ERISA. First, the Defendants failed to provide him a copy of the Summary Plan Document when requested to do so, as required by 29 U.S.C. § 1024(b)(4). Second, the Defendants failed to provide notice that the life insurance Waiver of Premium application had been denied. Third, the Defendants are equitably estopped from denying the life insurance claim due to the failure to timely deny the Waiver of Premium application, because this failure prejudiced the Streits.

Judge Acosta recommends that all claims be dismissed with prejudice as to Defendants Matrix Absence Management, Inc. and Reliance Life Insurance Co. (F&R [42] 7–9.) I agree with Judge Acosta and adopt his opinion regarding these two Defendants as my own. Neither is the plan administrator and thus neither can be held liable for statutory damages under 29 U.S.C.

2 – OPINION AND ORDER

§ 1132 (hereafter "Section 1132(c)"). Consequently, Mr. Streit's first and second claims must be dismissed as against Defendants Matrix and Reliance. Judge Acosta recommends that Mr. Streit's third claim, which is brought under a theory of equitable estoppel, be dismissed with prejudice as to all Defendants. *Id.* at 9, 14. In the context of ERISA, equitable estoppel requires a Plaintiff to "establish[ ] a material misrepresentation, reasonable and detrimental reliance upon the representation and extraordinary circumstances." *Pisciotta v. Teledyne Indus., Inc.*, 91 F.3d 1326, 1331 (9th Cir. 1996). For the reasons set out by Judge Acosta, I DISMISS Mr. Streit's third claim with prejudice as to all Defendants. (*See* F&R [42] at 8–9, 14.)

I write to explain my holding as to Mr. Streit's second claim for relief, which I DISMISS with prejudice as to all Defendants.

## LEGAL STANDARDS

The magistrate judge makes only recommendations to the court, to which any party may file written objections. The court is not bound by the recommendations of the magistrate judge, but retains responsibility for making the final determination. The court is generally required to make a de novo determination regarding those portions of the report or specified findings or recommendation as to which an objection is made. 28 U.S.C. § 636(b)(1)(C). However, the court is not required to review, de novo or under any other standard, the factual or legal conclusions of the magistrate judge as to those portions of the F&R to which no objections are addressed. *See Thomas v. Arn*, 474 U.S. 140, 149 (1985); *United States v. Reyna-Tapia*, 328 F.3d 1114, 1121 (9th Cir. 2003). While the level of scrutiny under which I am required to review the F&R depends on whether or not objections have been filed, in either case, I am free to accept, reject, or modify any part of the F&R. 28 U.S.C. § 636(b)(1)(C).

To survive a motion to dismiss for failure to state a claim under Federal Rule of Civil Procedure 12(b)(6), "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). A pleading that offers only "labels and conclusions" or "'naked assertion[s]' devoid of 'further factual enhancement'" will not suffice. *Id.* (quoting *Twombly*, 550 U.S. at 555, 557) (alteration in original). While the plaintiff does not need to make detailed factual allegations at the pleading stage, the allegations must be sufficiently specific to give the defendant "fair notice" of the claim and the grounds on which it rests. *See Erickson v. Pardus*, 551 U.S. 89, 93–94 (2007) (per curiam) (citing *Twombly*, 550 U.S. at 555). When reviewing a motion to dismiss, the court must "accept all factual allegations in the complaint as true and construe the pleadings in the light most favorable to the nonmoving party." *Knievel v. ESPN*, 393 F.3d 1068, 1072 (9th Cir. 2005). A court need not accept legal conclusions as true because "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Iqbal*, 556 U.S. at 678. These standards apply to suits removed from state court under 28 U.S.C. § 1441 just as they do to complaints originally filed in federal court. Fed. R. Civ. P. 81(c).

Leave to amend a complaint should be freely granted. Fed. R. Civ. P. 15(a); *Gordon v. City of Oakland*, 627 F.3d 1092, 1094 (9th Cir. 2010). In determining whether to allow amendment, I consider the presence or absence of "(1) bad faith, (2) undue delay, (3) prejudice to the opposing party, (4) futility of amendment, and (5) whether the plaintiff has previously amended" the complaint. *Sisseton-Wahpeton Sioux Tribe of Lake Traverse Indian Res., North Dakota and South Dakota v. United* States, 90 F.3d 351, 355–56 (9th Cir. 1996). Amendment is futile where "the complaint could not be saved by any amendment." *United States v. Corinthian*

*Colleges*, 655 F.3d 984, 995 (9th Cir. 2011) (quoting *Krainski v. Nevada ex rel. Bd. of Regents of Nev. Sys. of Higher Educ.*, 616 F.3d 963, 972 (9th Cir. 2010)).

## DISCUSSION

I agree with Judge Acosta's conclusion that Mr. Streit has not adequately pled his standing as a beneficiary of an ERISA plan, and thus his second claim for relief must be dismissed. (F&R [42] at 10–11, 14.) The conclusory allegation that Sandra Streit was "a participant" and that he is "a beneficiary" is insufficient. *See Iqbal*, 556 U.S. at 678. Consequently, I must determine whether leave to amend should be granted.

**I.**     **Identifying Mr. Streit's Second Claim for Relief**

In his second claim for relief, Mr. Streit alleges that "Defendants violated 29 U.S.C. § 1133 by failing to provide Sandra Streit or Plaintiff of adequate notice of the denial of the life insurance premium waiver." (FAC [20] ¶ 44.) The complaint then states that Plaintiff has been damaged in the amount of $60,000 by this lack of notice. *Id.* ¶ 45. Although the alleged omission (failure to provide notice) giving rise to liability is clear, the statutory provision subjecting a Defendant to liability for that omission is not. Moreover, the claim is brought against all Defendants, so the allegations comprising the second claim for relief do not make clear whether the allegedly liable actor is the plan itself, the plan administrator, or some other entity. Defendant Viasystems' argument that Mr. Streit has not actually pled a claim to statutory damages under Section 1132(c) in his second claim for relief is well taken. (Obj. [44] at 4–6.)

Judge Acosta concluded, however, that what Mr. Streit seeks in his second claim for relief is statutory damages under Section 1132(c). (F&R [20] at 8, 12–14.) An ERISA plan administrator has an obligation to inform a participant in or beneficiary of an ERISA plan of any "adverse benefit determination within a reasonable period of time, but not later than 90 days after receipt of the claim by the plan." 29 C.F.R. § 2560.503-1(f)(1) (hereafter "Section 2560.503-1").

5 – OPINION AND ORDER

This regulation was promulgated under 29 U.S.C. § 1133 (hereafter "Section 1133"), the ERISA provision that Mr. Streit alleges was violated here. Judge Acosta reads the FAC to seek Section 1132(c) damages based on the plan administrator's failure to provide the notice required by Section 2560.503-1(f).

Mr. Streit filed a Notice of Consent [45], stating that he "consents to the Findings and Recommendations of the Magistrate.") Thus, I must conclude that, however inadequately stated in the FAC, Mr. Streit intends to state a claim to statutory damages under Section 1132(c) based on the plan administrator's failure to provide the notice required by Section 2560.503-1(f)(1). I thus treat the second claim for relief as one for statutory damages under Section 1132(c).

## II.   Availability of Statutory Damages for Violation of Regulations Promulgated under 29 U.S.C. § 1133

Having concluded that Mr. Streit's second claim for relief is brought under Section 1132(c) for the plan administrator's failure to meet an obligation imposed by Section 2560.503-1(f), I must determine whether statutory damages are available for such a failure. I conclude they are not, and thus DISMISS Mr. Streit's second claim with prejudice. Amendment to state a claim for damages that are unavailable as a matter of law would be futile.

### A.   *The Interaction of 29 U.S.C §§ 1132 and 1133 and 29 C.F.R. § 2560.503-1*

Congress imposed two general duties on an ERISA "employee benefit plan" ("plan") in Section 1133: first, to "provide adequate notice . . . to any participant or beneficiary whose claim for benefits under the plan has been denied"; and, second, to "afford a reasonable opportunity . . . for a full and fair review" of the denial. These duties are imposed "[i]n accordance with regulations of the Secretary." *Id.* Thus, the Secretary of Labor is empowered to create rules governing the implementation of the plan's duties.

Under this rulemaking authority, the Secretary has promulgated Section 2560.503-1.[1] This regulation "sets forth minimum requirements for employee benefit plan procedures pertaining to claims for benefits." 29 C.F.R. § 2560.503-1(a). Duties are imposed on both the employee benefit plan itself and on the plan administrator. One duty of the plan administrator is as follows:

> [T]he plan administrator shall notify the claimant . . . of the plan's adverse benefit determination within a reasonable period of time, but not later than 90 days after receipt of the claim by the plan . . . .

29 C.F.R. § 2560.503-1(f). It is this duty with which Mr. Streit alleges Defendant Viasystems failed to comply when Viasystems did not give notice that the Waiver of Premium application had been denied.

The relevant statutory penalty set out in Section 1132(c) is as follows:

> Any administrator . . . who fails or refuses to comply with a request for any information which such administrator is required by this subchapter to furnish to a participant or beneficiary . . . within 30 days after such request may in the court's discretion be personally liable . . . in the amount of up to $100 a day from the date of such failure or refusal."

29 U.S.C. § 1132(c)(1)(B). It is well established in the Ninth Circuit that only the plan administrator can be subject to statutory penalties under Section 1132(c). *See Sgro v. Danone Waters*, 532 F.3d 940, 945 (9th Cir. 2008) (citing *Moran v. Aetna Life Ins. Co.*, 872 F.2d 296, 299–300 (9th Cir. 1989)). At issue in this case is whether a failure to provide notice of an "adverse benefit determination" as required by Section 2560.503-1(f) can be the basis for such penalties.

---

[1] Section 2560.503-1 was promulgated under Sections 503 and 505 of the ERISA statute, or 29 U.S.C. §§ 1133 and 1135. *See* 29 C.F.R. § 2560.503-1(a).

7 – OPINION AND ORDER

### B.     Interpreting the Statutory Scheme

Five Courts of Appeals have addressed the question whether Section 1132(c)'s statutory penalties are available for a plan administrator's failure to perform a duty imposed by regulation in Section 2560-503-1.  *See Medina v. Metro. Life Ins.*, 588 F.3d 41, 48 (1st Cir. 2009); *Brown v. J.B. Hunt Trans. Servs.*, 586 F.3d 1079, 1088–89 (8th Cir. 2009); *Wilczynski v. Lumbermens Mutual Cas. Ins.*, 93 F.3d 397, 406–07 (7th Cir. 1996); *Vanderklok v. Provident Life & Accident Ins.*, 956 F.2d 610, 617–18 (6th Cir. 1992); *Groves v. Modified Ret. Plan*, 803 F.2d 109, 112–19 (3d Cir. 1986).  All have answered this question in the negative, concluding that the statutory penalty attaches only to a plan administrator's failure to perform a duty imposed by Congress itself, and not to duties imposed by the Secretary pursuant to rulemaking authority.[2]

The Third Circuit discussed this issue in great depth in *Groves*.  In that case, the plaintiff sought statutory damages under Section 1132(c) for both the plan's and plan administrator's failures to perform duties imposed by Section 2560.503-1.  First, the Third Circuit considered whether Section 1132(c) statutory penalties can be imposed for violation of Section 1133 itself

---

[2] I am not bound by any implication of the Ninth Circuit's decision to remand in *Sgro*, 532 F.3d at 945.  As noted by this court in *Bielenberg v. ODS Health Plan*, 744 F. Supp. 2d 1130, 1142 (D. Or. 2010), in *Sgro* the Ninth Circuit "never reached the issue whether a penalty claim is appropriate based on [§ 2560.503-1]."  Instead, the court affirmed dismissal of a claim for Section 1132(c) statutory damages as against the plan, citing *Moran*, 872 F.2d at 299–300, but remanded to allow the plaintiff to re-plead a claim against the plan administrator.  *Sgro*, 532 F.3d at 945–46.

Parties seeking to bring claims for Section 1132(c) statutory damages for violation of § 2056.503-1 regulatory duties have argued that this remand should be read to mean that Section 1132(c) damages are available in the Ninth Circuit, as there would have been no reason to remand if the Ninth Circuit considered such damages to be unavailable as a matter of law.  *See Metcalf v. Blue Cross Blue Shield*, No. 11-1305, 2013 WL 4012726, at *23 (D. Or. Aug. 5, 2013); *Konty v. Liberty Life Assurance*, No. 12-467, 2012 WL 5363545, at *4 (D. Or. Oct. 30, 2012); *Bielenberg*, 744 F. Supp. 2d at 1144.  I agree with Judge Stewart's assessment in *Metcalf*: there is "some logic" to this argument.  *See Metcalf*, 2013 WL 4012726, at *23.  However, the Ninth Circuit's decision, in which no effort was made to interpret Section 1132(c)'s relationship to the regulations, should not be taken to require such a holding. The court simply did not reach the question whether such damages were available.  Like Judge Stewart, I find that "the question remains as to what the Ninth Circuit would conclude if confronted with the decisions in five other circuits . . . that have held to the contrary."  *Id.*  It is improbable that the Ninth Circuit intended to create a circuit split by implication without discussing its reasoning.

8 – OPINION AND ORDER

and Section 2560.503-1(g)[3]—both of which, by their text, imposed duties on the plan, not the plan administrator. *Id*. at 116. The court noted that Section 1132(c) does not provide for sanctions against plans, only plan administrators. *Id*. "One might argue that the plan administrator is in practice responsible for releasing material under [Section 1133], and therefore that there is no reason for the administrator to escape liability for the failure to release such material," the court noted. *Id*. The court concluded, however, that the employee benefit plan and the plan administrator are "two entirely distinct actors" in the ERISA scheme. *Id*. The court noted that each of the terms is given a specific meaning in ERISA's definition section,[4] and concluded that to equate them for purposes of Section 1132(c) penalties would "slight [ ] the wording of the statute." *Id*. (alteration in original) (quoting *United States. v. Emmons*, 410 U.S. 396, 399 (1973)). Thus, the *Groves* court concluded that the penalties were available only against a plan administrator, and only for its own "failures or refusals, not those of the plan." *Id*.

Second, the Third Circuit went on to consider whether Section 1132(c) penalties are available for failure to fulfill the obligation to provide notice of a denial imposed on a plan administrator under Section 2560.503-1(f). As noted above, this provision requires the plan administrator to provide notice of any "adverse claim determination" within "a reasonable time." Citing the text of Section 1132(c), the court reasoned that Congress had not authorized the Secretary to penalize conduct in addition to that conduct that was already penalized by "[the] subchapter." *Id*. at 117 (quoting 29 U.S.C. § 1132(c)).

The Third Circuit's analysis began with consideration of whether the statutory penalties of Section 1132(c) are penal or remedial. *Id*. While an agency has discretion in implementing remedial legislation, it noted, it may penalize conduct "only when Congress has expressly

---

[3] This regulatory provision is now codified at 29 C.F.R. § 2650.503-1(h).
[4] *See* 29 U.S.C. §§ 1002(1), (16)(A)(i).

delegated that power to the agency." *Id.* (citing *Steuart & Bros. v. Bowles*, 322 U.S. 398 (1944)). The court concluded that Section 1132(c)'s statutory penalties are penal, rather than remedial, reasoning that (1) the provision imposes personal liability on the Plan Administrator, and thus seems intended to "induc[e] him to comply;" and (2) the text of the $100 per day penalty does not require the claimant to show actual damages suffered due to the delay in receiving the information, and no such damages had been shown by the *Groves* plaintiff. *Id.*

Having concluded that Section 1132(c) is a penal provision, the court turned to the question whether Congress had delegated to the Secretary authority to penalize additional conduct. It found that it had not. The court noted the use of the words "this subchapter" in Section 1132(c)'s penalty provision.  Further, it noted that Congress may expressly grant an agency the power to penalize conduct using language such as "any violation of the provisions of this act or such rules and regulations [of the Secretary] shall be punished as prescribed." *Id.* at 117–18 (alteration in original) (quoting *United States v. Grimaud*, 220 U.S. 506, 519 (1911)). The Third Circuit thus concluded that, although Section 1133 includes a grant of power to the Secretary to regulate the implementation of the plan's Section 1133 duties, and such implementation could properly require action by the plan administrator, this was not enough to bring violation of such duties within the Section 1132(c) penal provision.[5]  Consequently, the court held that a Plan Administrator may not be assessed statutory penalties under Section 1132(c) for violation of obligations imposed on it only by regulations, such as Section 2560.503-1(f).  *Id.* at 118.

Many subsequent courts, including several in this district, have agreed with the *Groves* court's interpretation of the relationship between Section 1132(c) and Section 1133.  *See*

---

[5] The *Groves* court further noted that the rule of lenity applied to its interpretation of § 1132(c), as it is a penal provision.  *Groves*, 803 F.2d at 118–19.

*Medina*, 588 F.3d at 48 ("It is well established that a violation of § 1133 and its implementing regulations does not trigger monetary sanctions under § 1132(c)."); *Brown*, 586 F.3d at 1088–89 ("[W]e agree with our sister circuits that a plan administrator may not be penalized under § 1132(c) for a violation of the regulations to § 1133."); *Wilczynski*, 93 F.3d at 406–07 (holding that "section 1133, which sets forth only the disclosure obligations of the 'plan,' cannot authorize the Secretary to impose any obligations on the plan administrator or to establish that those obligations are enforceable through the sanctions of section 1132(c)"); *Stuhlreyer v. Armco*, 12 F.3d 75, 79 (6th Cir. 1993) (concluding that § 1132(c) damages are unavailable because "§ 1133 imposes obligations on the 'plan' rather than the 'plan administrator'"); *Vanderklok*, 956 F.2d at 618 (holding that statutory damages are unavailable "because duties of the 'plan' as stated in section 1133 are not duties of the *'plan administrator'* as articulated in section 1132(c)") (emphasis in original); *Metcalf*, 2013 WL4012726, at *22–23; *Konty.*, 2012 WL4012726, at *2–4; *Bielenberg*, 744 F. Supp. 2d at 1143–44. Today, I join their number.

I am troubled by a reading of the statutory and regulatory scheme that eliminates any distinction between the plan administrator and the plan itself. (F&R [20] at 13–14.) The plan may be an "abstract entity," *see id.* at 13, but Congress set out a particular role for this entity in crafting the ERISA legislative scheme. Its role is separate from that of the plan administrator, and to read out that distinction is to ignore Congress's carefully crafted statutory structure. *See Mass. Mut. Life Ins. Co. v. Russell*, 473 U.S. 134, 146–47 (1985) (describing ERISA as an "interlocking, interrelated, and interdependent remedial scheme, which is in turn part of a 'comprehensive and reticulated statute'") (quoting *Nachman Corp. v. Pension Benefit Guar. Corp.*, 446 U.S. 359, 361 (1980)). Congress imposed penalties on plan administrators through the statutory damages provisions of Section 1132(c), while imposing duties on the plan in

11 – OPINION AND ORDER

Section 1133. I agree with the Third Circuit that "[n]o part of ERISA grants the Secretary of Labor the power to decide that plan administrators' conduct is to be penalized" under Section 1132. *Groves*, 803 F.2d at 118.

## CONCLUSION

For the reasons explained above, Plaintiff's second and third claims for relief are DISMISSED with prejudice. Plaintiff's first claim for relief is DISMISSED without prejudice as to Defendant Viasystems and with prejudice as to all other Defendants.

IT IS SO ORDERED

DATED this   18th   day of February, 2014.

/s/ Michael W. Mosman
MICHAEL W. MOSMAN
United States District Judge