UNITED STATES DISTRICT COURT

DISTRICT OF OREGON

PORTLAND DIVISION

**ROGER STREIT**,

        Plaintiff,

   v.

**MATRIX ABSENCE MANAGEMENT, INC., RELIANCE STANDARD LIFE INSURANCE CO., VIASYSTEMS GROUP, INC.**,

        Defendants.

No. 3:12-cv-01797-AC

OPINION AND ORDER

**MOSMAN, J.**,

     Plaintiff seeks relief from judgment under Federal Rule of Civil Procedure 60(b)(1) on the grounds that the court erred in denying him leave to amend his second and third claims. The Court did not so err. In his opposition to the motions to dismiss the First Amended Complaint, Plaintiff failed to raise the theory of recovery now offered: an equitable surcharge based on breach of fiduciary duty. (Pl.'s Mem. [64-1] at 6–8.) Instead, he presented the relevant facts as supportive of an equitable estoppel remedy. (Pl.'s Opp. [32] at 4–5.) The Court did not err in concluding that amendment of the First Amended Complaint's third claim, premised on equitable estoppel, would be futile because the terms of the policy are not ambiguous. (Op. &

1 – OPINION AND ORDER

Order [46] at 3 (quoting *Pisciotta v. Teledyne Indus., Inc.*, 91 F.3d 1326, 1331 (9th Cir. 1996).) Plaintiff has never before raised his equitable surcharge theory, and "a motion for reconsideration is an improper vehicle to tender new legal theories." *Hunt v. City of Portland*, 726 F. Supp. 2d 1244, 1278 (D. Or. 2010) (internal quotation omitted).

Plaintiff also seeks relief from judgment under Federal Rule of Civil Procedure 60(b)(6). In the Ninth Circuit, relief under Rule 60(b)(6) is granted where the party seeking relief shows that "extraordinary circumstances" entitle him to relief. *Straw v.* Bowen, 866 F.2d 1167, 1172 (9th Cir. 1989). Such a party usually must show "both injury and that circumstances beyond its control prevented timely action to protect its interests." *Lehman v. United States*, 154 F.3d 1010, 1017 (9th Cir. 1998) (internal quotation omitted). Plaintiff has not shown that extraordinary circumstances justify relief here. He has not shown that circumstances beyond his control prevented earlier action, as he failed to raise his equitable surcharge theory in opposition to the motions to dismiss. Moreover, he expressly consented [45] to the F&R [42], in which the magistrate judge characterized the First Amended Complaint's second claim as being for statutory penalties under 29 U.S.C. § 1132(c) and recommended that the third claim, for equitable estoppel, be dismissed with prejudice. Plaintiff has previously had ample opportunity to argue that the facts alleged support an equitable surcharge for breach of fiduciary duty.

Plaintiff's Motion for Reconsideration [64] is DENIED.

IT IS SO ORDERED.

DATED this  31st  day of July, 2014.

/s/Michael W. Mosman
MICHAEL W. MOSMAN
United States District Judge

2 – OPINION AND ORDER